665 So.2d 129 (1995)
Linda FARMER, et al.
v.
Raul REYES, M.D., et al.
Nos. 95-CA-0734, 95-CA-0735.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1995.
*130 Matthew B. Collins, Jr. and Dianne J. Marshall, Collins & Marshall, New Orleans, for plaintiff/appellant.
George E. Cain, Greg A. Pellegrini, and James H. Brown, Jr., Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for defendant/appellee, Gordon McHardy, M.D.
Harold A. Thomas, Thomas, Hayes, Beahm and Buckley, L.L.P., New Orleans, for defendant/appellee, Touro Infirmary.
Before CIACCIO, LOBRANO and JONES, JJ.
LOBRANO, Judge.
Plaintiffs, Linda and Harold Farmer, appeal the granting of summary judgment in favor of defendants, Gordon McHardy, M.D. and Touro Infirmary. We affirm.
In this medical malpractice case, plaintiffs alleged that Linda Farmer received improper and unnecessary medical treatment from Dr. Raul Reyes, Dr. Luis Bogran, and Dr. Gordon McHardy for several years prior to 1988. Farmer was hospitalized at Touro Infirmary in 1987 and underwent surgery, performed by Dr. Reyes, to stop chronic blood loss related to inflammatory bowel disease. Dr. McHardy was Farmer's treating gastroenterologist at the time and allegedly agreed with Dr. Reyes' decision to perform surgery on Farmer. Dr. Bogran is a surgeon who also treated Farmer during the time period in question.[1] Plaintiffs also alleged that Touro was negligent in allowing the surgery in question to be performed and in failing to properly supervise Farmer's medical care. A medical review panel found that the evidence did not support the conclusion that Dr. Reyes, Dr. Bogran, Dr. McHardy and Touro *131 Infirmary failed to meet the applicable standard of care as charged in the complaint. The instant suit followed.
Dr. McHardy and Touro filed motions for summary judgment which the trial court granted. In support of their motions, defendants filed a memorandum, a statement of uncontested material facts, the opinion of the medical review panel, interrogatories propounded by Dr. McHardy to plaintiffs, plaintiffs' answers to those interrogatories, the depositions of Dr. J. Byron Gathright, Jr., Dr. Ian Kenneth Woolfson and Dr. Luis Bogran, a November 27, 1991 letter from Dr. Gathright to McHardy's attorney and a July 13, 1992 letter from Dr. Gathright to plaintiffs' attorney.
Plaintiffs perfect this appeal arguing that issues of fact remain as to whether the surgery performed on Linda Farmer at Touro by Dr. Reyes was improper and/or unnecessary and whether Dr. McHardy actively participated in the decision to perform the unnecessary surgery and whether Touro had a duty to intervene on behalf of Farmer.[2]
Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Raine v. CECO Corporation, 627 So.2d 713 (La.App. 4th Cir.1993). Inferences to be drawn from underlying facts contained in the materials before the Court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his or her burden, the mover has to clearly show the truth of the facts asserted. That showing must exclude any real doubt as to the existence of any genuine issue of material fact. Vermilion Corp., supra. The mover's pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. art. 967; Urbeso, supra. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting summary judgment. Urbeso, supra.
Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La. App. 4th Cir.1981). Any doubt shall be resolved in favor of a trial on the merits. Urbeso, supra. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is summary judgment warranted. Thornhill, supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The Court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).

DR. McHARDY:
Louisiana Revised Statute 9:2794 provides that a plaintiff in a medical malpractice action against a physician must prove by a preponderance of the evidence, first, that the physician's treatment fell below the ordinary standard of care expected of physicians in his medical specialty. Plaintiff then must establish a causal relationship between the alleged negligent treatment and the injury sustained. Snia v. United Medical Center of New Orleans, 93-2367 (La.App. 4th Cir. 5/26/94), 637 So.2d 1290, writ denied 94-1653 (La. 10/7/94), 644 So.2d 637. Resolutions of these two inquiries are determinations of fact. Id.
*132 Plaintiffs argue that the deposition testimony of Dr. Gathright raised an issue of fact as to the first inquiry; that is, whether or not Dr. McHardy's treatment fell below the ordinary standard of care required of physicians in his specialty. It is undisputed that Dr. Gathright performed tests on Linda Farmer several months after her surgery at Touro.[3] Those tests were performed to evaluate the functioning of Farmer's bowel and to determine the results of the Touro surgery. In his deposition, Dr. Gathright commented as follows regarding the results of these tests:
Q. Can you give me any significant findings from any of those tests?
A. In general, they were negative. We did not find any active evidence of inflammatory bowel disease, with the exception of the rectum being bleeding more easily than would be normal. The arteriogram which was performed to evaluate the possibility of bleeding sites in the intestine, vascular abnormalities or something of that sort, was negative. There were none of those present that we could see. So that basically we did not find evidence of active bowel disease at that point.
After having reviewed the results of the tests Dr. Gathright gave the following opinion as to the earlier surgery performed by Dr. Reyes:
Q. Well, after the surgery, viewing what Dr. Reyes had done and with the pathology report in hand, did you then at that point have an opinion regarding the propriety of the surgery done by Dr. Reyes?
A. I don't understand exactly why it was done.
Dr. McHardy argues that this deposition testimony of Dr. Gathright merely shows that he did not have sufficient information at the time of the deposition with which to form an opinion as to whether the surgery in question was improper or unnecessary. To support that assertion, Dr. McHardy offers two letters written by Dr. Gathright, subsequent to his deposition, to the attorneys in this case. In these he stated that he had reviewed additional information about Farmer's earlier medical treatment and was of the opinion that Dr. McHardy acted within the standard of care in the specialty of gastroenterology in his care of Linda Farmer. However, because these documents were not sworn, certified, in affidavit form or attached to an affidavit, they are not of sufficient evidentiary quality to be given weight in determining whether a genuine issue of fact remains in this case. See, Herod v. American Service Life Insurance Company, 554 So.2d 783 (La.App. 5th Cir.1989).
We determine, however, that even without considering Dr. Gathright's letters, there are no genuine issues of fact with respect to Dr. McHardy's treatment of Farmer. Plaintiffs admit in their brief that they have no medical witness who will testify regarding the degree of knowledge or skill possessed or the degree of care ordinarily practiced by a gastroenterologist, Dr. McHardy's specialty. They assert, however, that an expert is not required to determine whether or not the surgery was necessary.[4] While we agree that in *133 some instances an expert may not be necessary, this case is not one of those instances.
Based on the undisputed facts of the instant case, we conclude that plaintiffs' reliance on Dr. Gathright's testimony to support their case is insufficient. Dr. Gathright is not a gastroenterologist, and even considering his testimony in a light most favorable to the plaintiffs, it still would not satisfy their burden of proof. Plaintiffs raise no other disputed factual issue, and therefore, as a matter of law, summary judgment was appropriate.

TOURO:
In a medical malpractice action against a hospital, the plaintiff must prove, as in any negligence action, that the defendant owed the plaintiff a duty to protect against the risk involved, that the defendant breached that duty, that the plaintiff suffered an injury, and that the defendant's actions were a substantial cause in fact of the injury. Smith v. State Through Department of Health and Human Resources Administration, 523 So.2d 815 (La.1988). Because there is insufficient evidence in the record to support the conclusion that the surgery in question was improper or unnecessary, there can be no breach of any alleged duty Touro owed to plaintiffs to protect Linda Farmer from having the surgery performed. Furthermore, the physicians involved were not employees of Touro and even if there was a factual issue remaining about the necessity of the surgery, Touro would have no responsibility for the decisions of the physicians. Plaintiffs have presented no evidence to suggest any contrary conclusion.
For the reasons assigned, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] Dr. Bogran was voluntarily dismissed from this case upon motion of plaintiffs.
[2] Dr. McHardy did not participate in the surgery, Dr. Reyes did the actual surgery.
[3] He also performed corrective surgery on her which essentially reversed the earlier procedure which had been performed by Dr. Reyes.
[4] Plaintiffs cite Pfiffner v. Correa, 94-0924, 0963, 0992 (La. 10/17/94), 643 So.2d 1228, in support of their position. In that case, the Louisiana Supreme Court held that expert testimony as to the applicable standard of care is not always necessary in order for a plaintiff to prevail in a medical malpractice action, but the Court explained this holding as follows:

"Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2794's requirements without medical experts, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof." Id. at 1234.
The medical issue presented by this case, i.e. whether or not a particular surgery was necessary, is not one which could be resolved by a lay jury. Therefore, even if plaintiffs had raised a genuine issue of fact as to whether Dr. McHardy breached the standard of care, they could not have prevailed in this action at trial without testimony by their own experts or by Dr. McHardy or defense experts that Dr. McHardy breached the standard of care.