685 So.2d 269 (1996)
Kenneth ADAMS,
v.
KAISER ALUMINUM, et al.
No. 96-CA-429.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1996.
Jessie B. Hearin, III, Baton Rouge, for Plaintiff/Appellant, Kenneth Adams.
*270 Ernest L. O'Bannon, Gregory J. McDonald, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for Defendant/Appellee, Hidalgo Health Associates.
James M. McGrew, Steven Hymowitz, McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, for Defendant/Appellee, Kaiser Aluminum & Chemical Corporation.
Before GAUDIN, BOWES and GRISBAUM, JJ.
BOWES, Judge.
The plaintiff, Kenneth Adams, appeals from a decision of the trial court granting a summary judgment in favor of all defendants and dismissing his causes of action against them. For the following reasons, we affirm the decision of the trial court.

FACTS
The plaintiff was employed at Kaiser Aluminum and Chemical Company. His job was covered by a collective bargaining agreement negotiated between the company and the United Steelworkers of America. Plaintiff was a member of the Steelworkers Local 5702. Kaiser had in place an Employee Assistance Program (EPA), which provided Kaiser employees with counseling and referrals for treatment for employee problems, including substance abuse. This program was administered through contract by Hidalgo Health Associates ("Hidalgo").
Plaintiff admits that he had substance abuse and gambling problems. On March 18, 1993, he approached the shop steward, Sam Thomas, and asked for a referral to the Employee Assistance Program. Mr. Thomas called Frieda Boughton, Kaiser's EPA liaison agent. A same day appointment was set up with Hidalgo's counselor, Vicki Greishaber. During that initial meeting, Mr. Adams signed a release form permitting Ms. Greishaber to "share information" with the abovementioned Frieda Boughton and Sam Thomas. The form provided in pertinent part:
I, Kenneth Adams, hereby authorize Vicki Greishaber, BCSW of Hidalgo Health Associates, to release to Frieda Boughton of Kaiser and Sam Thomas (union officials869-2237) the information indicated below with regard to services concerning the same.

For the following purposes
To share assessment of the problem and to make recommendation for treatment. Also, to work together to ensure client receives the necessary help.

Reports to be furnished:
Verbal exchange of information regarding the above, as well as attendance at monitoring meetings (post-treatment) and progress.
Plaintiff was treated as an in-patient for two weeks, and then continued with counseling sessions and other out-patient treatment. In June of 1993, plaintiff signed a document entitled "Contract with Ken Adams." This document contained six conditions, and read in pertinent part:
I, Ken Adams, agree to the following recommendations following my completion of outpatient treatment:
6. I agree to random drug screens by Kaiser.
This document was marked "cc Frieda Boughton" and "Confidential."
Throughout the summer months, plaintiff missed several counseling sessions. On September 21, 1993, Vicki Greishaber contacted Frieda Boughton at Kaiser and relayed this information, as well as her belief that plaintiff had suffered a relapse and was abusing drugs. Plaintiff alleges that Ms. Greishaber suggested to Frieda Boughton that Kaiser conduct a drug test of plaintiff.
Two days later, on September 23, 1993, plaintiff worked for two hours and was called for a drug test. The test showed the presence of 3600 nanograms of cocaine. (Under Kaiser's alcohol and drug policy, the limit for testing positive for cocaine is 300 nanograms). Kaiser suspended plaintiff and then fired him for reporting to work under the influence of drugs.

*271 PROCEDURAL HISTORY

The plaintiff filed suit against Hidalgo Health Associates, Kaiser Aluminum, United Steelworkers of America, AFL-CIO, CLC, and United Steelworkers, Local 5702.
The case was removed to federal district court by consent of all the parties. The district court judge first considered plaintiff's claims against the Steelworker's unions and against Kaiser. The court found that plaintiff's tort claims against the Union and against Kaiser requires construction of the collective bargaining agreement between the Union and Kaiser, and were, therefore, preempted by Federal law, namely § 301 of the Labor Management Relations Act of 1947. All claims against the Steelworkers Union and most claims against Kaiser were considered by the Federal court, which granted summary judgment in favor of these defendants.
The court did find that plaintiff's claim against Kaiser for negligent misrepresentation remained and was not disposed of (plaintiff alleged that Kaiser had given incorrect facts to Hidalgo, which induced Hidalgo to wrongfully release confidential information). The court also considered the plaintiff's claims against Kaiser for invasion of privacy under the Louisiana Constitution and found that plaintiff had failed to carry his burden of proof with regard to an essential element of that claim.
With regard to Adams' claims against Hidalgo, the federal district court found as follows:
1. The claim for breach of the collective bargaining agreement could not stand, because Hidalgo was not a signatory employer.
2. Adams' claims against Hidalgo for violation of the Comprehensive Alcohol Abuse and Substance Abuse Prevention, Treatment and Rehabilitation Act was without merit because that statute did not create a private cause of action.
3. Plaintiff's remaining claims against Hidalgo for breach of implied contract, negligent misrepresentation, and violation of Article 1, § 5 of the Louisiana Constitution were remanded to the state court.
Subsequently, these remaining claims were dismissed by the state district court on summary judgment, resulting in this appeal. On appeal, Adams alleges that the trial court erred in rendering summary judgment in favor of both Hidalgo and Kaiser, as genuine issues of material fact still exist.

ANALYSIS
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. La. C.C.P. art. 966, which governs summary judgment, was recently amended by the Louisiana Legislature, effective May 1, 1996,[1] and now provides that:
"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed ... The procedure is favored and shall be construed to accomplish these ends."
The Fourth Circuit has found that this amendment does not change the law regarding the burden of proof in a summary judgment and that the burden of proof still remains on the mover, Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249; and this Circuit is in agreement with that interpretation.
[A] motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
A fact is `material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). `[F]acts are material if they potentially insure or preclude recovery, affect a litigant's *272 ultimate success, or determine the outcome of the legal dispute.' South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La.1992). Simply put, a `material' fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.
J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.
The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).

PLAINTIFF'S CLAIMS AGAINST HIDALGO
Plaintiff has argued that Hidalgo, through Vicki Greishaber, wrongfully released information to Kaiser, through Frieda Boughton, concerning his progress in the drug rehabilitation program, and that this release of information caused Kaiser to order a drug screen, the results of which caused plaintiff to be dismissed from his employment.
He argues this alleged wrongful release of information amounted to a breach of privacy, causing plaintiff damages.
He further alleges damages for detrimental reliance and negligent misrepresentation based on these factual allegations.[2] He argues that there are genuine issues as to the existence of facts, which if proven, would insure his success in the outcome of this case.
Plaintiff's argument that Hidalgo released facts concerning his progress in the rehabilitation program to Kaiser is defeated by the fact that he signed an authorization which specifically allowed Hidalgo to release that information. Having signed such a release, Adams should reasonably have expected that Hidalgo would release such information to Kaiser. Accordingly, this dissemination of information by Hidalgo to Kaiser is not an invasion of privacy, as argued by plaintiff.
In addition, plaintiff also signed a consent to random drug testing. Having signed such a consent, plaintiff could have expected that a drug test could be called at any time. Likewise, plaintiff knew that reporting to work under the influence of drugs could result in dismissal. Regardless of the release of information by Hidalgo to Kaiser, Adams was aware that he could be tested at any time, including the date of September 23, 1993.
Plaintiff alleges that he relied on assurances made by Hidalgo, which assurances operated to his detriment. La. C.C. art. 1967 provides that:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
Closely related is plaintiff's claim for negligent misrepresentation. In order to support this claim, the plaintiff must prove that there was a misrepresentation of a material fact, a legal duty to supply the correct information and a breach of that duty causing damage to plaintiff. Smith v. Remodeling Service, Inc., 94-589 (La.App. 5 Cir. 12/14/94), 648 So.2d 995.
The undisputed facts fail to show any promises made to Adams on which he relied, or any misrepresentation of facts. There are no facts to suggest that Hidalgo promised to keep confidential reports of Adams' progress in rehabilitation; and the undisputed facts show that Hidalgo obtained permission from Adams to release such information. There is nothing in the record to support a contention *273 that Hidalgo promised that Adams would not be tested; in fact, the undisputed facts show that Adams consented to random testing. Adams does not allege that Hidalgo promised that he (Adams) would not be terminated from employment should he test positive for cocaine. Plaintiff has failed to allege any fact to support his allegation of detrimental reliance on promises made by Hidalgo.
Plaintiff's argument seems to be that, having enrolled in the EAP for treatment of his substance abuse problem, he could freely report to work under the influence of narcotics, and this behavior (intoxication) could not be used for termination of employment, but only to "treat" him. This is clearly against the terms of his employment with Kaiser and the collective bargaining agreement with the Steelworker's Union, which states clearly that an employee may be terminated for appearing at work while under the influence of narcotics.
Accordingly, we hold that the trial court did not err in granting the motion for summary judgment filed by Hidalgo.

PLAINTIFF'S CLAIMS AGAINST KAISER
Following the adjudication of the federal law issues and the subsequent remand to the trial court, the plaintiff's only remaining claim against Kaiser was based on the allegation that Kaiser negligently (or intentionally) misrepresented facts to Hidalgo with the result that Hidalgo breached its confidential relationship with Adams. Because we find that, under the undisputed facts of this case, there was no wrongful action by Hidalgo, plaintiff has no claim against Kaiser for allegedly inducing these alleged wrongful actions.

CONCLUSION
For the above discussed reasons, the decision of the trial court granting summary judgment in favor of Hidalgo and Kaiser is affirmed. All costs of these proceedings are assessed against plaintiff, Kenneth Adams.
AFFIRMED.
NOTES
[1] This amendment has been determined to be procedural in nature. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249.
[2] Adams also argues causes of action based on breach of contract and breach of patient-physician confidentiality or breach of medical records privilege. These causes were not raised in plaintiff's petition or briefed in plaintiff's opposition to summary judgment in the trial court. Accordingly, they will not be considered by this Court. Segura v. Frank, 93-1271 (La. 1/14/94), 630 So.2d 714.