695 So.2d 1045 (1997)
Carmelo MURPHY, Jr.
v.
L&L MARINE TRANSPORTATION, INC.
No. 97-CA-33.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
*1046 Brian Birdsall, New Orleans, for Plaintiff/Appellee Carmelo Murphy, Jr.
Timothy F. Burr, Jason P. Waguespack, Galloway, Johnson, Tompkins & Burr, New Orleans, for Defendant/Appellant L&L Marine Transportation, Inc.
Before GAUDIN, BOWES and CANNELLA, JJ.
BOWES, Judge.
L&L Marine Transportation Inc., appellant herein, appeals a partial summary judgment of the trial court granting maintenance and cure benefits to appellee, Carmelo Murphy. For the following reasons we reverse.
Appellee filed a petition in the Twenty-Ninth Judicial District Court for damages, for injuries received as a deck hand aboard a vessel owned by appellant L&L. The suit alleged claims of negligence and unseaworthiness (admiralty and maritime claims), as well as a claim for maintenance and cure, all as against L&L.
Subsequently, Murphy filed a "Motion To Compel Payment of Maintenance and Cure Benefits," together with a request for attorney fees. L&L opposed the motion as an improper use of the procedural device; plaintiff then moved to convert his motion to a motion for summary judgment. L&L opposed the motion for summary judgment via a memorandum with attachments; Murphy similarly supplemented his original memorandum with attachments.
Following trial on the motion for summary judgment, the trial court granted the motion, awarding Murphy maintenance and cure benefits through March 19, 1996 in the amount of $2,752.00; medical expenses in the amount of $6,569.74; and attorney fees in the amount of $1,000.00. Defendant appeals, averring that the trial court erred because:
(1) There were genuine issues of material fact regarding when plaintiff reached maximum medical improvement.
(2) The court considered and decided issues of credibility.
(3) The evidence is clear that plaintiff was fit to return to work well before the date found by the trial court.
(4) There was no evidence to support the amount of cure awarded by the trial court.
(5) There is no evidence to support the amount of attorney fees awarded by the trial court.

ANALYSIS
Our Supreme Court summed up the law applicable to summary judgments in Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730:
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. "Stated conversely, [summary judgment] should be denied if there is (1) a genuine issue of fact and (2) it is material to the case."

*1047 A "genuine issue" is a "triable issue." More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact."
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.
Because the summary judgment device deprives a party of a trial on the merits, Louisiana courts "cautiously and sparingly" employ it. Indeed, as we recently recognized, in Louisiana "there is a strong preference for full trial on the merits in non-defamation cases."
Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge and malice. As we put it in Penalber, summary judgment "is rarely appropriate for a determination based on subjective facts." [Penalber v. Blount,] 550 So.2d [577] at 583 [(La.1989)] (emphasis supplied). Nonetheless, Louisiana courts have recognized that, while "rare", summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. Art. 966(B); "To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact." In making this determination, the mover's supporting documents must be closely scrutinized and the non-mover's indulgently treated. Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party.
If the court determines that the moving party has met this onerous burden, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. LSA-C.C.P. Art. 967 outlines the non-moving party's burden of production as follows:
When a motion for summary judgment is made and supported ... an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
As this court has oft-stated, summary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court. Likewise, summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. [Citations omitted]
La. C.C.P. art. 966, which governs summary judgment, was amended by the Louisiana Legislature, effective May 1, 1996, providing that:

*1048 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed ... The procedure is favored and shall be construed to accomplish these ends.
This amendment does not change the law regarding the burden of proof in a summary judgment and that the burden of proof still remains on the mover. Adams v. Kaiser Aluminum, 96-429 (La.App. 5 Cir. 11/14/96), 685 So.2d 269; Short v. Giffin, 96-0361 (La. App. 4 Cir. 8/21/96), 682 So.2d 249. The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Adams, supra; Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir. 1988).
Applying these precepts to the facts at hand, we note that although the trial court awarded a specific amount for maintenance and cure, evidence of the amounts due on these items were not properly before the court on the motion for summary judgment. The only evidence of medical costs in the record are copies of some medical bills attached to plaintiff's memorandum in support of his motion for summary judgment. This court found in Herod v. American Service Life Ins. Co., 554 So.2d 783 (La.App. 5 Cir. 1989), that a document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. See also Farmer v. Reyes, 95-0734 (La.App. 4 Cir. 11/16/95), 665 So.2d 129. Therefore, here there is an un answered question of material fact which precludes the granting of summary judgment in this case.
Unless the motion has been made and supported by affidavits, together with sworn or certified copies of all papers or documents referred to, or depositions or answers to interrogatories, La. C.C.P. art. 967 does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial. Kennington v. H. Blume Johnson, Inc., 94-0744 (La.7/1/94), 638 So.2d 1066. Consequently, defendants L&L need not have presented any evidence to oppose defendant's motion for summary judgment in order to defeat the motion. Kennington, supra.
With regard to the issue of when plaintiff reached maximum medical cure, we find that portions of the deposition of Dr. Kewalramani, plaintiff's treating physician (which were properly admitted), leaves quite some doubt as to the time such cure was reached within the meaning of "maintenance and cure." Maintenance and cure extends only to the time an injured seaman reaches "maximum medical recovery."
Maximum medical recovery ... is achieved when it appears probable that further treatment will result in no betterment of the seaman's condition ... Thus, where it appears that the seaman's condition is incurable, or that future medical treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum cure has been achieved.

Butler v. Zapata Haynie, 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274, citations omitted.
Dr. Kewelramani testified that by January 1996, he was at a loss as to how to treat plaintiff except to monitor his pain medication. At one point he took plaintiff off anti-inflammatory medication, but in March of 1996 prescribed the medicine again, at which point plaintiff again improved. Further, it is not clear from the deposition at which point the condition from which plaintiff suffered became incurable, and at which point Dr. Kewelramani was basically just adjusting the pain medication for optimum results.
From our reading of the deposition, there appeared to have been an absence of "objective" symptoms on which to base any such determination. Therefore, we find a second question of material fact which precludes summary judgment in this case.
Additionally, even if we found that plaintiff had reached maximum medical improvement as of March 19, 1996 (or for that matter any date), it would be necessary to set aside the *1049 resulting judgment. Determination of the plaintiff's status without granting him the relief for which he prayed is an improper use of a summary judgment. In other words, a summary judgment could not determine the last date for which Murphy was eligible for maintenance and cure without granting him that particular reliefthe sums due on the claim. Such a partial determination would be an impermissible use of summary judgment which does not grant all or some of the relief for which plaintiff has prayed. In this regard see Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); First National Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5 Cir.1993); Williams v. Trapolin Law Firm, 93-0877 (La.App. 4 Cir. 7/27/94), 641 So.2d 673.
In the absence of competent evidence relative to medical expenses, an amount for maintenance and cure cannot be awarded on the record before us, as discussed hereinabove and, therefore, a summary judgment on this issue could not be maintained.

DECREE
For the foregoing reasons, we reverse the summary judgment in favor of plaintiffs and remand the matter to the trial court for further proceedings consistent with this opinion. Appellees are assessed all costs of this appeal.
REVERSED AND REMANDED.