SUSAN M. CHEHARDY, Chief Judge.
|2This is a wrongful death and survival action that was dismissed by summary judgment. The plaintiff appeals. We vacate and remand.
FACTS AND PROCEDURAL HISTORY
Dylan Carey Gutierrez is the son of Barbara Viola Fouchi from her first marriage.[1] On February 20, 2009, Barbara Fouchi was shot and killed by her husband, Dana Ray Fouchi. Dana Fouchi then shot and killed himself. These events occurred in Dana Fouehi’s home at 2504 Danny Park in Metairie, Louisiana.
Dylan Gutierrez filed suit against State Farm Fire and Casualty Company, which provided homeowners insurance to Dana Fouchi. Gutierrez sought recovery under the policy’s bodily injury liability coverage. He alleged that due to Dana Fouchi’s mental state at the time Barbara Fouchi was killed, Dana Fouchi “could not and did not” have a malicious intent to inflict injury on her.
In its answer, State Farm raised coverage defenses. State Farm asserted that the claims made in this suit are not covered due to the exclusions from liability for bodily injury or property damage which is either expected or intended by the J^insured, or which is the result of willful and malicious acts of the insured. In addition, State Farm asserted the liability exclusion for bodily injury to any insured, as defined in the policy.[2]
State Farm filed a motion for summary judgment on the grounds that no coverage was afforded for the intentional acts and/or willful and malicious acts of Dana Fouchi in murdering his wife. State Farm also claimed there was no coverage because at the time of her death, Barbara Fouchi was a resident of Dana Fouchi’s household and, therefore, was an insured under the policy definition, and the policy excludes liability coverage for an insured.
In support of the motion for summary judgment, State Farm included a copy of the insurance policy, as well as excerpts from the deposition of Dylan Gutierrez regarding the living arrangements of Barbara and Dana Fouchi. In the deposition, Gutierrez testified that his mother and Dana Fouchi had an unusual marital living arrangement, in which each of them had a home when they married, they kept their homes after the marriage, and they took turns staying at one place or the other. At the time she was killed, Barbara Fouchi had been staying at Dana Fouchi’s home for at least 10 days preceding her death.
In opposition to the motion for summary judgment, Gutierrez argued that the intentional act exclusion does not apply because Dana Fouchi had mental illnesses that rendered him incapable of understanding or intending the consequences of his actions, or of acting in a willful or malicious manner. Gutierrez also argued that his mother was not a resident of Dana Fouchi’s household when she was killed, because she had maintained a separate residence during most of the marriage, and she planned to leave Dana and end the marriage.
|4In support of his opposition, Gutierrez submitted an affidavit from Dr. Rafael Sal-cedo, a forensic psychologist, who stated,
It is my opinion that at the time of the murder-suicide, Dr. Fouchi was clearly *511 experiencing a major depressive episode. Dr. Fouchi’s history of manic episodes and depression in all likelihood significantly impaired Dr. Fouchi’s judgment and ability to appreciate the impact and consequences of his actions at the time of the murder-suicide.[3]
Attached to the affidavit was a report in which Dr. Salcedo detailed the information he reviewed that led him to his conclusion, including a variety of documents and medical records relating to Dana Fouchi. Attached to Dr. Salcedo’s report were the documents he used in preparing his opinion. He noted, “These records indicate that Dr. Dana Fouchi suffered from a long history of sexual addiction and sexual boundary disorders, as well as depression, posttraumatic stress disorder, and manic behaviors.” In addition, there were disciplinary reviews by the state board of medical examiners.
Gutierrez also attached excerpts from his deposition, in which he testified that his mother and Dana Fouchi, although married, did not live together and maintained separate homes. Gutierrez said that just prior to her death, his mother told him she intended to leave Dana, get a new residence, and work in California. Gutierrez further explained that when his mother was killed, she was only staying at Dana’s residence temporarily until she could move into a new apartment. Also included in the attachments were copies of bills sent to Barbara at a different address than Dana Fouchi’s home.
The trial court ruled in favor of State Farm and granted summary judgment on the basis of the intentional act exclusion.
| ¿Gutierrez has appealed. On appeal he asserts the trial court erred by improperly weighing and evaluating the credibility of Dr. Salcedo’s expert opinion and disregarding his opinion regarding Dana Fou-chi’s ability to understand and intend his actions and their consequences. He further asserts the trial court erred by failing to recognize that genuine issues of material fact relating to Dana Fouchi’s state of mind and ability to understand his actions and their consequences.
ANALYSIS
Appellate courts review a judgment granting a motion for summary judgment on a de novo basis. See Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Thus, this Court uses the same criteria as the trial court in determining whether summary judgment is appropriate — whether there is a genuine issue of material fact and whether mover is entitled to judgment as a matter of law. Id.
We do not reach the merits of this appeal, however, because we find the trial court erroneously considered evidence not properly before the court.
The motion for summary judgment was argued on October 29, 2012. The hearing consisted entirely of oral argument. The evidence on which the parties rely — the insurance policy, the Gutierrez deposition, the affidavit of Dr. Salcedo and its attachments, and other documents — -was attached to the parties’ pleadings. None of it was officially offered or introduced at the hearing.
La. C.C.P. art. 966(B) formerly provided, in pertinent part, “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis added).
*512 |fiAlthough there is ample jurisprudence from previous years providing that evidence listed in La. C.C.P. art. 966(B) and attached to a motion for summary judgment could be considered by the trial court, La. C.C.P. art. 966 was amended by Acts 2012, No. 257, § 1, and Acts 2012, No. 741, § 1, with an effective date of August 15, 2012. The words “on file” were deleted by the 2012 amendments, and the amendments added a second paragraph to La. C.C.P. art. 966(E) that provided, “(2) Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.” (Emphasis added.)
Thus, at the time of the hearing on the motion for summary judgment here, La. C.C.P. art. 966 mandated that only evidence formally admitted into evidence during the summary judgment hearing could be considered by the trial court. Marengo v. Harding, 13-47, p. 5 (La.App. 5 Cir. 5/16/13), 118 So.3d 1200, 1202. Evidence physically attached to the motion or placed in the record could not be considered unless it was properly introduced and admitted into evidence at the hearing. Id.
Accordingly, in our de novo review of the motion for summary judgment on appeal, we cannot consider the documents attached to the parties’ pleadings. Id. Hence, there is no evidence before us either for the grounds of the motion for summary judgment or for the defenses to the motion. Therefore, the judgment must be vacated.
DECREE
For the foregoing reasons, the judgment is vacated and remanded. The parties are assessed their own costs for this appeal.

VACATED AND REMANDED.

. Dylan Gutierrez is the only child of Barbara Viola Fouchi, bom of her marriage to Kevin Ralph Gutierrez, from whom she was divorced in 1997. After another marriage that ended in divorce in 2007, Barbara married Dana Ray Fouchi in January 2008.

. The policy defines "insured” as the named insured and the named insured's relatives, if residents of the household.

. Dana Fouchi was a physician.