JUDE G. GRAVOIS, Judge.
12Plaintiff/appelIant, Jorge Alicea, appeals a summary judgment granted in favor of his uninsured/underinsured motorist (“UM”) insurer, GEICO General Insurance Company (“GEICO”), finding no UM insurance coverage for the motor vehicle accident at issue. Upon de novo review, for the following reasons, we affirm the trial court’s grant of summary judgment in favor of GEICO.

*809
FACTS

Appellant was involved in a motor vehicle accident on Interstate Highway 10 (“I-10”) in Jefferson Parish, Louisiana, on March 30, 2011. The record reflects that while driving a 2007 Dodge Caliber, appellant rear-ended a 1997 Chevrolet 6000 being driven by defendant Jared Summers. The petition for damages, filed by appellant on March 26, 2012, alleged that Mr. Summers’ vehicle came to a sudden stop due to an accident ahead of Mr. Summers that was caused by “John Doe,” an unknown driver/vehicle, which in turn caused a collision between appellant and Mr. Summers. GEICO, as appellant’s UM insurer, was also made a defendant in appellant’s petition for damages.
|3In his deposition,[1] appellant testified that the accident in question occurred around 5:00 a.m. It was dark. The weather was clear. The traffic was moderate. Appellant testified that he was traveling on I — 10 near the Loyola Blvd. exit in Kenner, Louisiana, headed eastbound. He saw two accidents ahead of him to the left and other vehicles slowing down. As he slowed down in response, braking hard, he said his vehicle started to spin, and he ended up in the lane to the right, hit the wall or guardrail to the right, and then hit Mr. Summers’ vehicle. Appellant’s air bags deployed. ' He estimated that he was going around 45 miles per hour immediately prior to the accident because of the slowing traffic. He said that he braked hard to avoid hitting a white Lexus in front of him that had also stopped suddenly. He did not hit the Lexus, nor did he remember the Lexus swerving or changing lanes. He did not remember if Mr. Summers’ red truck was stopped or moving when they collided.
Appellant stated in his deposition that the driver of the red truck (Mr. Summers) did not cause his accident,[2] but rather it was caused by “diesel fuel.” Appellant claimed that an unknown person or vehicle spilled diesel fuel on 1-10, which caused several accidents and caused 1-10 to close thereafter to avoid more accidents. He said he learned after the accident about the diesel spill from a woman who worked where he worked whose husband was involved in another accident that day on I-10. He said that he, himself, did not observe any diesel on the roadway. He also heard a police officer, not the one who responded to his |4accident, mention that there was diesel on the roadway. He claimed in his deposition that the diesel was spilled near the Power Boulevard exit.[3]

ANALYSIS

This Court, in Int’l Ass’n of Heat & Frost Insulators v. Paternostro, 13-1006 (La.App. 5 Cir. 05/28/14), 142 So.3d 284, 287-288, recently set forth the standards upon which courts grant and review summary judgments, to-wit:
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Zeringue v. O’Brien Transp., Inc., 05- *810 760 (La.App. 5 Cir. 4/11/06), 931 So.2d 377, 379, writ denied, 06-1107 (La.9/1/06), 936 So.2d 205. Summary judgments are favored in the law and the rules should be liberally applied. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Id.
Appellate courts review a judgment granting a motion for summary judgment on a de novo basis. Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 511. Thus, this Court uses the same criteria as the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Id.
Procedurally, the court’s first task on a motion for summary judgment is determining whether the moving party’s supporting documents — pleadings, depositions, answers to interrogatories, admissions and affidavits are sufficient to resolve all material factual issues. Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045, 1047 (citing La. C.C.P. art. 966(B)). To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. Id. In making this determination, the mover’s supporting documents must be closely scrutinized and the non-mover’s indulgently treated. Id. Since the moving party bears the burden of proving the lack of a material issue of fact, infer-enees to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party. Id.
If the court determines that the moving party has met this onerous burden, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Murphy, supra. Louisiana Code of Civil Procedure article 967 outlines the non-moving party’s burden of production as follows:
When a motion for summary judgment is made and supported ..., an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Summary judgment is appropriate when all the relevant facts are mar-shalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Id.
In its motion for .summary judgment at issue, filed on January 17, 2014, GEICO alleged that under the facts of this case, as developed through discovery, GEICO’s UM policy to appellant provided no coverage for the accident in question because appellant was solely at fault in causing the accident when he rear-ended the Summers vehicle.[4] GEICO supported its position by noting that appellant’s own deposition testimony exonerated Mr. Summers from liability, and further that appellant had not supported his allegation, that diesel *811 fuel spilled on the interstate by an unknown person or vehicle caused his accident, with any competent evidence that met the requirements of the policy. GEI-CO supported its motion for summary judgment with appellant’s petition for damages, the police report of appellant’s accident prepared by Trooper Robert Goertz, appellant’s answers to interrogatories and responses to requests for production of documents propounded by Mr. Summers, excerpts from appellant’s October 19, 2012 deposition, pertinent excerpts from GEICO’s policy of insurance issued to appellant, and the trial court’s October 11, 2013 judgment on GEICO’s motion in limine, which excluded testimony taken at a previous summary judgment hearing (upon GEICO’s objection).
|fiIn opposition to the motion for summary judgment at issue, appellant cited to his deposition testimony, wherein he stated that he heard that diesel fuel caused several accidents on the interstate at that time. He also referred to an attachment to his opposition to GEICO’s previous motion for summary judgment, which was a police report written by Officer John Martinez from one of the other accidents on the interstate that same day and which he argued was at the “approximate time and location” as appellant’s accident. Appellant stated that he intended to call Officer Martinez as a witness at trial. Appellant argued that his own deposition testimony, coupled with Officer Martinez’s accident report and testimony, would establish that appellant’s accident was caused by the spill of diesel in the roadway by an unknown and unidentified person, thus fulfilling the UM coverage provisions under his GEICO policy.
GEICO’s policy issued to appellant required that in order to claim UM benefits from an accident caused by an unknown person or driver with which there is no physical contact, “the facts of the accident must be corroborated by an independent and disinterested witness that the injury was the result of the actions of a driver of another vehicle whose identity is unknown or who is uninsured or underinsured.”
GEICO’s motion for summary judgment and the attachments thereto, admitted without objection into evidence, show that appellant rear-ended the Summers vehicle because appellant lost control of his vehicle while braking hard to avoid hitting traffic in front of him, which was also slowing substantially. Specifically, appellant braked hard to avoid hitting a white Lexus in front of him in his own lane of traffic. According to his deposition testimony, appellant did not see the Lexus lose control, swerve, or change lanes, and. he did not strike the |7Lexus. When appellant lost control of his vehicle and entered another lane of traffic, he struck a guardrail and thereafter struck the Summers vehicle in the rear.
Appellant, in his deposition, attempts to tie his accident to a diesel spill that allegedly occurred in the roadway near his own accident. However, in his deposition, appellant admitted that he never saw diesel in the roadway before or after his accident, nor was there any found on his vehicle after the accident. He explained that he heard about the diesel sometime later from a person at work.
GEICO attached to its motion the accident report of Trooper Goertz, who responded to and investigated appellant’s accident. Notably, Trooper Goertz’s report is devoid of any mention of diesel fuel, or anything similar,- affecting the conditions of the roadway at the site of appellant’s accident.
In his opposition to GEICO’s motion for summary judgment, appellant put forth argument, but attached no evidence. He cited to his deposition testimony, which *812 was attached to GEICO’s motion for summary judgment at issue, and also an accident report of a different accident, written by Officer Martinez, that pertained to an entirely separate accident that also occurred on 1-10 that morning, but approximately one mile from the location of appellant’s accident. This accident report of a separate, unrelated accident referred to diesel fuel spilled in the roadway as a potential cause of that accident.
Upon de novo review, we find that the accident report of Officer Martinez does not create a genuine issue of material fact, as it does not meet appellant’s evidentiary burden under the GEICO policy. Officer Martinez’s report is of a different accident, at a different location on 1-10, involving different parties.[5] The fact that Officer Martinez reported diesel fuel present at that accident, which |soceurred approximately one mile away from appellant’s accident, does not serve to place diesel fuel present at the location of appellant’s accident. The accident report of appellant’s accident contains absolutely no reference to diesel fuel as a component of his accident. Appellant’s deposition testimony is clear that he learned of a diesel spill on I-10 after the accident and did not observe its presence either on the road or on his car at the time of his accident. Appellant’s failure to note the presence of diesel at the time of his accident is consistent with Trooper Goertz’s report of appellant’s accident, which likewise is silent as to the presence of a diesel spill contributing to appellant’s accident. Thus, we find that the alleged corroborating evidence “by an independent and disinterested witness” offered by appellant, the accident report of Officer Martinez, is neither corroborating nor relevant to appellant’s accident, as it does not establish the existence of an unknown driver who caused a diesel spill that contributed to appellant’s accident.
For the foregoing reasons, we find that GEICO through it supporting documentation met its initial burden of resolving all material factual issues in its favor. Murphy, supra. The burden then shifted to appellant to present evidence demonstrating that one or more material issues of fact remain. Id. Based on the record before us, we find that appellant failed to meet his burden of showing that a material issue of fact remains. We further find that GEI-CO is entitled to judgment as a matter of law. Accordingly, we affirm the trial eourfis grant of summary judgment in favor of GEICO.

CONCLUSION

For the foregoing reasons, the trial court’s grant of summary judgment in favor of GEICO is affirmed.

AFFIRMED

. Excerpts of appellant’s deposition taken on October 19, 2012 were entered into the record as an attachment to GEICO’s motion for summary judgment.

. Appellant voluntarily dismissed Mr. Summers from the suit by Judgment of Dismissal signed on December 11, 2012.

.Appellant was not given emergency treatment on the date of the accident. He testified that he did not feel any pain or injuries until the next day. He said that his only residual injury from the accident was his right ankle, which bothered him when the weather was damp and sometimes swelled up if he was on his feet for a long time.

. GEICO moved for summary judgment on several issues prior to the motion that forms the basis of this appeal. The previous motion for summary judgment is not at issue in this appeal except as noted infra.

. Although this report was not attached to appellant’s opposition to the motion for summary judgment at issue, appellant offered it into evidence, without objection, at the hearing on the motion for summary judgment at issue.