JUDE G. GRAVOIS, Judge.
| ¡.Plaintiffs/appellants, David Lourie and Walter Lourie, appeal the trial court’s grant of summary judgment which dismissed their claims against defendant/ap-pellee, Chardonnay Village Condominium Association, Inc. For the following reasons, we affirm the trial court’s grant of summary judgment.

FACTS AND PROCEDURAL HISTORY

On February 14, 1997, appellants’ mother, Mrs. Theodora Lourie, purchased Unit 26C of Chardonnay Village Condominiums in Kenner, Louisiana. On November 8, 2010, a fire occurred in the kitchen of Mrs. Lourie’s condo unit. As a result of the fire, Mrs. Lourie’s insurer, State Farm Fire and Casualty Company (“State Farm”), paid her $28,200.00 for damages to her condo unit, plus $34,330.07 for damages to the contents of her condo unit and $16,645.88 for living expenses.
On November 7, 2011, Mrs. Lourie filed a petition for damages against appellee, Chardonnay Village Condominium Association, Inc. (“the Association”), Land its insurer, Underwriters at Lloyd’s, London (“Lloyd’s”).[1] The petition alleged that pursuant to La. R.S. 9.T123.112 of the Louisiana Condominium Act, the Association’s insurance policy with Lloyd’s provided coverage for the damages at issue, and thus the Association and/or Lloyd’s must reimburse Mrs. Lourie not only for the payments State Farm made to her or on her behalf, but also for additional damages sustained to her condo unit not covered under the State Farm policy. Alternatively, the petition asserted that the Association was liable in negligence and breach of *303 duty should it be shown that it did not obtain the insurance coverage required by the Louisiana Condominium Act. Mrs. Lourie prayed for judgment in her favor in the sum of $113,000.00.[2]
The Association filed a motion for summary judgment on June 3, 2014, arguing that it was not liable for the damages occasioned by the fire. According to the Association, it properly exempted itself from insuring the interior of Mrs. Lourie’s condo unit by notifying her on multiple occasions that it would not be maintaining insurance on the interior of her condo unit. The Association alleged that notice was provided in the 1981 Bylaws and the Rules and Regulations, both of which made up the “Declaration of the Association” at the time Mrs. Lourie purchased her condo and which the sale of her condo was made subject to. The Association also argued that Mrs. Lourie was additionally put on notice when the | .Association’s property manager hand-delivered the Association’s revised 2009 Rules and Regulations to her. Alternatively, the Association argued it was not liable for the betterments and/or improvements in Mrs. Lourie’s unit as provided for in La. R.S. 9:1123.112(A)(1).
A hearing was held on the matter on August 5, 2014. At the end of the hearing, the trial court granted the Association’s motion for summary judgment; the trial court signed a judgment to that effect that same day. In its written reasons for judgment issued on August 8, 2014, the trial court found that Mrs. Lourie had both constructive and actual notice that the Association would not provide insurance coverage for individual condo units. According to the trial court, Mrs. Lourie was given constructive notice pursuant to the public records’ law. The court also found that it was uncontroverted that she was hand-delivered the Association’s 2009 revised Rules and Regulations, -and furthermore, as proof of actual notice, Mrs. Lour-ie had obtained insurance coverage for her unit through State Farm, who then paid for her claims as allowed under its policy.
On October 7, 2014, appellants sought a devolutive appeal, which was granted on October 10, 2014.

LAW AND ANALYSIS

A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Zeringue v. O’Brien Transp., Inc., 05-760 (La.App. 5 Cir. 4/11/06), 931 So.2d 377, 379, writ denied, 06-1107 (La.9/1/06), 936 So.2d 205. Summary judgments are favored in the law and the rules should be liberally applied. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Id.
*304 IsAppellate courts review a judgment granting a motion for summary judgment on a de novo basis. Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 511. Thus, this Court uses the same criteria as the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Id. A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Luther v. IOM Co. LLC, 13-0353 (La.10/15/13), 130 So.3d 817, 822. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
Procedurally, the court’s first task on a motion for summary judgment is determining whether the moving party’s supporting documents — pleadings, depositions, answers to interrogatories, admissions and affidavits — are sufficient to resolvé all material factual issues. Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045, 1047 (citing La. C.C.P. art. 966(B)). To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. Id. In making this determination, the mover’s supporting documents must be closely scrutinized and the non-mover’s indulgently treated.- Id. Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party. Id.
If the court determines that the moving party has met this onerous burden, the burden shifts to the non-moving party to present evidence demonstrating that | ¿material factual issues remain. Murphy, supra. Louisiana Code of Civil Procedure article 967 outlines the non-moving party’s burden of production as follows:
When a motion for summary judgment is made and supported an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so- respond, summary judgment, if appropriate, shall be rendered against him.
Summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Id.

ANALYSIS OF ASSIGNMENTS OF ERROR

In their assignments of error, appellants argue that genuine issues of material fact remain as to whether the Association exempted itself from the requirement to insure the interior of Mrs. Lourie’s condo unit pursuant to La. R.S. 9:1123.112, which provides, in pertinent part:
A. Commencing not later than the time of the first conveyance of a unit to a - person other than a declarant, the association shall maintain, to the extent reasonably available:
(1) Property insurance on the common elements and units, exclusive of improvements and betterments installed in units by unit owners, insuring against all risks of direct physical *305 loss commonly insured against. The total amount of insurance after application of any deductibles shall be not less than eighty percent of the actual cash value of the insured property, exclusive of land, excavations, foundations, and other items normally excluded from property policies; []
[[Image here]]
B. If the insurance described in Subsection A is not maintained, the association promptly shall cause notice of that fact to be hand-delivered or sent prepaid by United States mail to all unit owners. The declaration may require the association to carry any other insurance, and the association in any event may carry any other insurance it deems appropriate to protect the association or the unit owners.
|7AppelIants first argue that the district court erred in finding that no genuine issue of material fact remained that the Association hand-delivered Mrs. Lourie the Association’s 2009 revised Rules and Regulations, thus putting her on notice that the Association was not maintaining insurance coverage on her condo unit. Appellants next argue that the trial court erred when it found that constructive knowledge gained from the Association’s recorded documents put Mrs. Lourie on notice that the Association was not maintaining insurance coverage on her condo unit and that the trial court further erred in interpreting those recorded documents. In their final assignment, appellants argue that the trial court erred in finding that Mrs. Lourie’s act of obtaining insurance coverage on her condo unit through State Farm confirmed that she had actual notice that the Association was not maintaining insurance coverage on her condo unit.
In its motion for summary judgment, the Association argued in part that when Mrs. Lourie purchased her condo unit in 1997, she was notified that it was the unit owner’s responsibility to insure the interi- or of his or her unit. The Association argued that by law, Mrs. Lourie bought her condo unit subject to the terms and conditions of the Declaration,[3] which expressly provided that each unit owner was responsible for the purchase of a policy of homeowner’s insurance providing coverage of the owner’s property. The Association notes that both the Bylaws and the Rules and Regulations in effect when Mrs. Lour-ie purchased her condo unit and recorded in the public records put her on notice that the Association would not maintain insurance coverage on the interior of her condo unit.
On February 14, 1997, Mrs. Lourie purchased Unit 26C of Chardonnay Village Condominiums. Attached as “Exhibit B” to the Association’s motion for |ssummary judgment was a copy of the Cash Sale of Property, signed and dated by Mrs. Lour-ie’s agent, David Lourie.[4] According to this document, the sale of the condo unit to Mrs. Lourie was made and accepted subject to “[ejovenants, conditions, restrictions, easements, liens for assessments, powers of attorney and limitations on title as set forth in Declarations of Condominium of Chardonnay Village and attached Exhibits thereto, as created in act by C.V. Development before George Scariano, N.P., registered in COB 1010, folio 474.” Attached as “Exhibit A” to the Association’s motion for summary judgment are *306 excerpts of the “Condominium Declaration Creating and Establishing Condominium Property Regime.” The Declaration notes that the exhibits annexed to it include the Bylaws of the Association and the Rules and Regulations of the Association. “Exhibit A’ to the Bylaws” attached to the Declaration, states in pertinent part:
G. The Association holds hazard, property damage and liability insurance policies as required by the Declaration. It is suggested that each Unit Owner obtain his oum insurance covering property damage to his Unit (not covered by the Association policy) and personal property contained therein as well as insurance covering personal liability. You are urged to consult with your insurance agent.
(Emphasis added.)
Further, the Rules and Regulations in effect when Mrs. Lourie purchased her condo unit (attached as “Exhibit C” to the Association’s motion for summary judgment), state in pertinent part:

Interior Damage

The Chardonnay Village Condominium Association is not responsible for interi- or damage that may occur to your unit. It is the responsibility of each owner to have Homeowner’s Insurance on the owner’s property and contents. A minimum amount of $5,000. [sic] in building property/liability Insurance is also recommended, since the Association’s Policy has a $5,000. [sic] deductible.
^(Emphasis added.)
Upon de novo review, we find that at the time Mrs. Lourie purchased her condo unit, the Association’s established policy clearly provided that the Association would not be responsible for any interior damage to individual condo units. Further, it is undisputed that in her acquisition of her condo unit, Mrs. Lourie acknowledged in writing (through her agent) that the purchase of her condo unit was made and accepted subject to “[c]ovenants, conditions, restrictions, easements, liens for assessments, powers of attorney and limitations on title as set forth in Declarations of Condominium of Chardonnay Village and attached Exhibits thereto, as created in act by C.V. Development before George Scari-ano, N.P., registered in COB 1010, folio 474.” It is further undisputed that the Rules and Regulations in effect when Mrs. Lourie purchased her condo unit provided that “[the Association] is not responsible for interior damage that may occur to your unit. It is the responsibility of each owner to have Homeowner’s Insurance on the owner’s property and contents.” Thus, we find that no genuine issue of material fact remains that at the time Mrs. Lourie purchased her condo unit, she was in fact put on notice that the Association would not maintain insurance coverage on her condo unit.
Though much of appellants’ argument on appeal focuses on whether a genuine issue of material fact remains as to whether a copy of the Association’s 2009 revised Rules and Regulations was hand-delivered to Mrs. Lourie, we find this argument to be misplaced. The 2009 revised Rule pertinent to this appeal provides:

Insurance/Interior Damage

Unit owners are responsible for the interior of their unit, including all cabinets, appliances, floor, sheetrock, etc. Each unit owner should |inobtain insurance in his/her name for proper coverage of your dwelling.
It is apparent from a plain reading of the 2009 revised Rule that the revised Rule merely restated the earlier Rule and simply reminded unit owners of their respon *307 sibility to purchase insurance covering the interior of their units. In other words, we find that reasonable persons could reach only one conclusion, that the revised Rule merely repeats and reaffirms that the unit owner must take responsibility for insuring the interior of his/her unit, and thus, there is no need for trial on that issue and summary judgment is appropriate. Luther, supra.

CONCLUSION

Accordingly, upon de novo review, for the reasons set forth above, because no genuine issues of material fact remain and appellee is entitled to judgment as a matter of law, we affirm the trial court’s grant of summary judgment in favor of appellee, Chardonnay Village Condominium Association, Inc. Costs of this appeal are assessed to appellants.

AFFIRMED

. Mrs. Lourie died on December 11, 2013. On August 1, 2014, her two sons, David Lour-ie and Walter Lourie, filed an Ex Parte Motion to Substitute Party Plaintiff. The motion was granted on August 5, 2014, substituting her sons as-plaintiffs.

. On November 1, 2011, State Farm, as sub-rogee of Mrs. Lourie, filed a separate suit against the Association and Lloyd’s entitled State Farm Fire and Casualty Company (as real party in interest and subrogee of Theodora Lourie) v. Chardonnay Village Condominium Association, Inc. and Underwriters at Lloyd’s, London, No. 707-912 of the 24th Judicial District Court. Lloyd’s filed a motion to transfer and consolidate Mrs. Lourie’s case and State Farm's case on February 13, 2012; the motion was granted on March 7, 2012.
On January 3, 2012, the Association filed an exception of no right of action against State Farm which was subsequently denied on March 1, 2012. Then, on September 6, 2013, the Association filed a motion for summary judgment seeking to dismiss State Farm, and on November 18, 2013, the trial court granted the motion, dismissing all of State Farm's claims against the Association.
Lloyd's filed a peremptory exception of no right of action against both Mrs. Lourie and State Farm, and following a hearing on June 7, 2012, the trial court granted Lloyd's peremptory exception of no right of action dismissing Lloyd's from the consolidated actions.

. La. R.S. 9:1124.115(A) provides, in pertinent part: "The condominium declaration and bylaws shall have the force of law between the individual unit owners.”

. David Lourie was acting as an agent for Mrs. Lourie. A copy of the "Special Power of Attorney” granting him this authority was attached to the Cash Sale of Property.