ON REHEARING
The scope of this rehearing is limited to the single issue of whether a federal or state statute of limitations should apply to the allegation of damages that arose on or after January 1, 1996 by plaintiffs, Turner Transporter, Inc., et al., against defendant, Miller Transporters, Inc. The issue of a federal statute of limitations was not raised at trial or on appeal; instead the dispute among the parties focused on the statutes of limitations for Louisiana and Mississippi. Our initial opinion held that Mississippi law governed because the parties had expressly agreed that the contracts would be interpreted under Mississippi law. This court’s decision in the instant case, however, held that the enactment of 49 U.S.C. § 14704(a)(2) created a federal private right of action as of January 1, 1996, for damages in commercial disputes involving a violation of the regulations of the Interstate Commerce Commission Termination Act (ICCTA), which preempted the states’ laws. Turner v. Miller Transporters, Inc., 2002-2278 (La.App. 1 Cir. 6/27/03), 852 So.2d 478. The federal statute’s preemptive role concomitantly raises the issue of the existence of a federal statute of limitations relative to the federal causes of action.
The determination that a private agreement cannot supercede a federally enacted cause of action for damages necessitates that this court consistently find 12that the federal statute of limitations would likewise override any agreements among the parties that Mississippi law would generally prevail. Pursuant to 28 U.S.C. *849 § 1658(a), Congress has invoked a four-year statute of limitations when specific limitations periods have not been enacted for federal causes of actions.[1] As circumstance would have it, the resulting four-year period constitutes the identical time limitation as the Mississippi statute of limitations. It is, therefore, in the interest of intellectual consistency that our holding is hereby amended to provide the appropriate legal principle.
ORIGINAL COURT OF APPEAL JUDGMENT AFFIRMED, AS AMENDED.
GUIDRY, J., agrees in part, dissents in part and assigns reasons.

. In Fitzpatrick v. Morgan Southern, Inc., 261 F.Supp.2d 978 (W.D.Tenn.2003), the court held that a two-year statute of limitations should apply to the private right of action for damages under 49 U.S.C. § 14704(a)(2). The Fitzpatrick court creatively observed that, as a result of a scrivener’s error when the ICCTA was codified, section 14704(a)(2) of the "Truth-in-Leasing” Regulations was mistakenly moved from 49 U.S.C. § 14704(b), to which a two-year statute of limitations applies. Fitzpatrick, 261 F.Supp.2d at 985 n. 8. We decline to infer such a federal statute of limitations in the absence of legislative fiat.