1] GUIDRY, J.,
agreeing in part and dissenting in part.
I agree with the judgment on rehearing to the extent that it finds that a federal statute of limitations applies to claims of damages that arose on or after January 1, 1996. However, I believe that the majority errs in finding that because none of the provisions in 49 U.S.C. § 14705 directly references 49 U.S.C. § 14704(a)(2), the general federal statute of limitations provided in 28 U.S.C. § 1658(a) should apply (that provision provides for a 4-year statute of limitation). See 49 U.S.C. § 14705(b) and (c) (which specifically reference §§ 14704(c)(1) and 14704(b), respectively, as providing the statute of limitations for those sections.) The majority merely glosses over the case of Fitzpatrick v. Morgan Southern, Inc., 261 F.Supp.2d 978 (W.D.Tenn., 2003), which reaches a different conclusion, in a footnote. I believe that the decision reached by the Fitzpatrick court is correct and a better determination of the issue of what statute of limitations applies to causes of action brought pursuant to 49 U.S.C. § 14704(a)(2).
In Fitzpatrick, the court acknowledged that there was no express statute of limitation provided to bring an action pursuant to 49 U.S.C. § 14704(a)(2); however, based on the alleged scrivener’s error raised by the appellant in that case, the court considered the legislative history of 49 U.S.C. § 14704(a)(2), and related statutes (i.e., 49 U.S.C. § 14705) to conclude that the two-year statute of limitations period provided in 49 U.S.C. § 14705(c) applied to actions brought pursuant to 49 U.S.C. § 14704(a)(2). Fitzpatrick, 261 F.Supp.2d at 986-987. Based on the reasoning and legislative history outlined in the Fitzpatrick opinion, I believe that the appropriate statute of limitations to apply in this matter is the two-year period referenced in 49 U.S.C. § 14705(c).
Therefore, I respectfully dissent in part.