921 So.2d 1126 (2006)
Mary FONSECA
v.
PELICAN PUBLISHING COMPANY, INC.
No. 05-CA-571.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 2006.
Rehearing Denied March 6, 2006.
Craig E. Frosch, Usry, Weeks & Matthews, New Orleans, Louisiana, for Plaintiff/Appellee.
Irl R. Silverstein, Gretna, Louisiana, for Defendant/Appellant.
*1127 Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant, Pelican Publishing Company, Inc., has appealed the trial court judgment in favor of plaintiff, Mary Fonseca. Ms. Fonseca answered the appeal requesting an increase in damages and costs. For the reasons that follow, we affirm in part, amend in part, and reverse in part.

FACTS:
This appeal arises out of a series of contracts entered into between Pelican Publishing Company, Inc. (Pelican) and Ms. Fonseca for the publication of travel guides to be written by Ms. Fonseca and published by Pelican. The first contract was entered into on March 17, 1992 and provided that Ms. Fonseca would author a book entitled Weekend Getaways in Louisiana and Mississippi to be published by Pelican. This book was published and Ms. Fonseca was paid royalties as provided in the contract. Due to the success of this publication, Pelican contracted with Ms. Fonseca to author two new books to be entitled Weekend Getaways in Louisiana (the Louisiana book) and Weekend Getaways in Mississippi (the Mississippi book). In 1995 new contracts were entered into by the parties for each of these books. The Louisiana book was published in 1996 and Ms. Fonseca was paid royalties on that book. Ms. Fonseca requested that she be released from the contract to author the Mississippi book due to the sudden illness of her husband. In February 1999, the parties entered into a "contract cancellation," which cancelled the contract for the Mississippi book. In January 2001, Ms. Fonseca learned that Pelican engaged other authors to write the Mississippi book and the book was published by Pelican. Upon examination of the book, Ms. Fonseca discovered that ten of the 28 chapters of the book were taken almost verbatim from her book entitled Weekend Getaways in Louisiana and Mississippi; however, she was not given credit for the use of her work. Ms. Fonseca contacted Pelican requesting credit and royalties for the use of her work. Pelican denied royalties were due. Ms. Fonseca filed a lawsuit alleging Pelican breached its contractual obligations and seeking damages as a result of this breach.
The trial court ruled on the parties' cross Motions for Summary Judgment, finding in favor of Ms. Fonseca. The trial court found that under the 1992 agreement, Pelican's use of Ms. Fonseca's material from the Weekend Getaways in Louisiana and Mississippi in the Mississippi book constituted a secondary use of this material and entitled Ms. Fonseca to royalties as provided in the 1992 contract and that Pelican has breached its obligation under the 1992 contract. A trial was then held on the issue of damages. At the conclusion of trial, the trial court awarded damages to Ms. Fonseca in the amount of 45% of the 10% royalties due on the Mississippi book and $500.00 per year for lost income from sales for every year that the Mississippi book is sold. Pelican has appealed these judgments. Ms. Fonseca answered the appeal challenging the reduction in royalty payments and seeking costs of the trial and appeal.

LAW AND DISCUSSION:
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Haley v. Roberts, 02-30 (La.App. 5 Cir.5/29/02), 820 So.2d 1114, 1116. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Smart v. Winn-Dixie *1128 of Louisiana, Inc., 99-435 (La.App. 5 Cir.9/28/99), 742 So.2d 1062.
Louisiana Civil Code Article 1906 provides: "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." Contracts have the effect of law between the parties and must be performed in good faith. C.C. art. 1983. No further interpretation of the contract may be made in search of the parties' intent when the words of a contract are clear and explicit and lead to no absurd consequences. C.C. art. 2046. Words in a contract are given their generally prevailing meaning, unless they are words of art or technical terms.
On appeal, Pelican argues the trial court erred in granting Ms. Fonseca's Motion for Summary Judgment in finding that the compensation claimed by Ms. Fonseca was for royalties for the use of her copyrighted material in an adaptation or derivative work based on the first book, specifically finding that she was entitled to royalties pursuant to paragraph 15(f) of the 1992 agreement. Pelican further argues that the trial court erred in denying Pelican's Motion for Summary Judgment in finding that the Mississippi book was an adaptation or secondary use as contemplated in paragraph 15(e) of the 1992 agreement, rather than a new edition. Ms. Fonseca replies that these issues were correctly decided by the trial court.
Pelican argues that the trial court erred in its interpretation of the 1992 and 1995 contracts. Pelican points to paragraph 2(a) of the 1992 contract, which the author, Ms. Fonseca, grants and assigns to the publisher, Pelican, the sole and exclusive right to print, publish, and sell the work throughout the world in a book form together with all revisions and editions. Paragraph 9 of the 1992 contract provides:
The AUTHOR, when called upon by the PUBLISHER, to do so, will prepare material needed for new editions of the book. Should the AUTHOR be unable because of death or illness, or for any other reasons unable or unwilling to research, revise, and prepare a new edition when called upon to do so, the PUBLISHER, may engage competent persons to prepare the necessary new material and may charge the expense against the AUTHOR'S royalty.
Pelican uses this paragraph to argue the Mississippi book was a second edition of Weekend Getaways in Louisiana and Mississippi rather than a new book, concluding that as a second edition, Pelican correctly paid royalties to the new author and does not owe royalties to Ms. Fonseca. Pelican contends that any royalties due Ms. Fonseca for the Mississippi book would be paid after new authors are paid.
Pelican argues the trial court erred in finding Ms. Fonseca was entitled to royalties based on its interpretation of paragraphs 15(e) and (f). Paragraph 15(e) states:
On any edition or adaptation of the WORK licensed by the PUBLISHER, including sound recordings, mechanical renditions, motion pictures, radio, television and video performances and adaptations. Or any other form of electronics renditions now known or hereafter invented, Braille and large-type editions, microfilm and microfiche editions, reprints, mass-market paperback editions, trade paperback editions, large print editions, dramatizations, mail-order and book club editions, abridgments, serializations, syndications, coloring book editions, comic-book editions, or similar secondary use, the publisher will pay the AUTHOR fifty percent (50%) of the PUBLISHER'S actual receipts therefrom;
Paragraph 15(f) states:
On copies of any form in (e) published by PUBLISHER, the PUBLISHER will *1129 pay to the AUTHOR a royalty of ten percent (10%). Said royalty shall be computed on actual receipts from all copies sold. No royalty shall be paid on copies given away or sold at less than the cost of manufacture.
The court held that the catch all clause "or other similar secondary use" in paragraph 15(e) encompasses other derivative works such as the Mississippi book. The court reasoned that had the Mississippi book constituted a "new edition" of the original book, there would have been no need for the 1995 contracts. The trial court held that Ms. Fonseca was due royalties for the use of her material by other authors in a book published by Pelican.
Our de novo review of the Motions for Summary Judgment indicates that the trial court was correct. In support of her Motion for Summary Judgment, Ms. Fonseca submitted copies of Weekend Getaways in Louisiana and Mississippi and Weekend Getaways in Mississippi. The Mississippi book states that it is authored by Jack and Winnie Baldwin. Nowhere does it state that this is the second edition of the book Weekend Getaways in Louisiana and Mississippi. Further, ten chapters of this book have the identical title of ten chapters of Ms. Fonseca's book and the majority of the text in these chapters was taken verbatim from Ms. Fonseca's book. While we recognize that this use is not one of the enumerated uses in paragraph 15(e), we find this was clearly a secondary use of Ms. Fonseca's work. Moreover, we agree with the trial court that if the Mississippi book would have been considered a second edition, there would have been no need for the additional contracts. Additionally, we find the 1995 contract for the Mississippi book to be inapplicable because this contract was cancelled by the mutual agreement of the parties in 1999. Thus, under paragraph 15(f) of the 1992 contract, Pelican must pay Ms. Fonseca a royalty of ten percent (10%) to be computed on actual receipts for all copies sold. The 1992 contract does not provide for a reduction of royalties based on the percentage of the author's work used in the adaptation; accordingly, we find the trial court erred in decreasing Ms. Fonseca's royalty to 45% of 10% royalties.
Pelican contends the trial court erred in failing to allow a setoff deduction to Pelican for its expenses paid to the Baldwins in computing the award of royalties to Ms. Fonseca. We disagree. Ms. Fonseca was entitled to royalties pursuant to paragraph 15(f) of the 1992 contract because her work was used in an adaptation published by Pelican. This paragraph contains no provision allowing Pelican a setoff deduction for its expenses paid for a secondary use of the work. We acknowledge that Pelican would be entitled to a set off deduction had the trial court found the Mississippi book to be a second edition. For reasons stated previously in this opinion, we affirm the trial court's conclusion that the Mississippi book was not a second edition of Ms. Fonseca's original book. Accordingly, the trial court correctly denied Pelican's request for a setoff deduction for expenses paid to the Baldwins.
Pelican further argues that the trial court erred in awarding Ms. Fonseca $500.00 per year from the date of publication of the Mississippi book for lost income that she would have obtained from the Mississippi book sales for every year that the Mississippi book is sold.
Ms. Fonseca testified that she attended speaking engagements as part of the promotion for her books. As part of the speaking engagements, she purchased books at a 40% reduction from the retail price and sold the books at the speaking engagement for the full retail price. Ms. Fonseca's husband, Ron Fonseca, testified *1130 that he kept records of the money his wife received from book sales and speaking engagements related to book sales. However, Mr. Fonseca was unable to separate the amount of book sales from the Louisiana book and a book related to Louisiana gardens. Mr. Fonseca's testimony related solely to gross sales and there was no testimony as to net income from book sales. Additionally, no one testified as to the expected book sales of a Mississippi book partially authored by Ms. Fonseca. We find nothing in the evidence or testimony to support the trial court's award of $500.00 per year for lost income from book sales of the Mississippi book. Accordingly, that portion of the judgment will be reversed.

CONCLUSION:
For the foregoing reasons, the judgment of the trial court finding Pelican breached its obligation under the 1992 contract to pay Ms. Fonseca royalties is affirmed; the judgment is amended to award Ms. Fonseca 10% royalties on sales of the book entitled Weekend Getaways in Mississippi, plus interest from the date of demand. The portion of the trial court awarding Ms. Fonseca $500.00 per year from the date of publication of the book Weekend Getaways in Mississippi for lost income from book sales is reversed. Each party is to bear its own costs.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART.